**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

-------------------------------------------------------- x

VARSITY SPIRIT, LLC,

                           Plaintiff,

              -against-

CHEEROBICS LTD., JESSICA ZOO LTD.,
and JESSICA ROSSI A/K/A JESSICA ZOO,

                        Defendants.

:       Civil Action No. 1:17-cv-585

:       **JURY TRIAL DEMANDED**

-------------------------------------------------------- x

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Varsity Spirit, LLC, bring this Original Complaint against Defendants Cheerobics Ltd., Jessica Zoo Ltd., and Jessica Rossi a/k/a Jessica Zoo (collectively, "Defendants"), and would respectfully show the Court as follows:

**NATURE OF THE ACTION**

1.     This is a civil action for trademark infringement and false designation of origin under the Trademark Act of 1946, 15 U.S.C. § 1051 *et seq.*, as amended (the "Lanham Act"), and common law unfair competition and trademark infringement under Texas law.

**JURISDICTION AND VENUE**

2.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and 15 U.S.C. § 1121 with respect to the claims arising under the Lanham Act, and supplemental jurisdiction pursuant to 28 U.S.C. §§ 1338(b) and 1367(a) with respect to the claims arising under Texas law.  Venue is properly laid in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claim

occurred in this District, or pursuant to 28 U.S.C. § 1391(b)(3).

**PARTIES**

3.      Plaintiff Varsity Spirit, LLC is a limited liability company organized and existing under the laws of the State of Tennessee with offices at 6745 Lenox Center Court, Suite 300, Memphis, Tennessee 38115.

4.      Upon information and belief, Defendant Cheerobics Ltd. ("Cheerobics Ltd.") is a limited company organized and existing under the laws of the United Kingdom with offices and/or an address at 3801 North Capital of Texas Hwy E-240, Austin, Texas 78746 and regularly does and/or transacts business in this District.

5.      Upon information and belief, Defendant Jessica Zoo Ltd. ("Jessica Zoo Ltd.") is a limited company organized and existing under the laws of the United Kingdom with offices and/or an address at 3801 North Capital of Texas Hwy E-240, Austin, Texas 78746 and regularly does and/or transacts business in this District.

6.      Upon information and belief, Defendant Jessica Rossi a/k/a Jessica Zoo ("Jessica Zoo") is an individual with an address at 26 York Street, London, W1U 6PZ, United Kingdom and/or Parkhot House, 5 Kew Road, Richmond TW9 2PR, United Kingdom.  Upon information and belief, Jessica Zoo is the owner, founder, director and manager of Cheerobics Ltd. and Jessica Zoo Ltd. and regularly does and/or transacts business in this District and has engaged and participated, directly or contributorily, in the unlawful acts set forth herein, including in this District.  Additionally, upon information and belief Jessica Zoo had knowledge of, directed, controlled,, supervised, and acted in concert with, and/or took action that contributed to the unlawful activities engaged in by Defendant Jessica Zoo Ltd. and Defendant Cheerobics Ltd.

**PLAINTIFF'S ORIGINAL COMPLAINT – PAGE 2**

## FACTUAL BACKGROUND AND GENERAL ALLEGATIONS

7.      Plaintiff (with its affiliates, "Varsity") is a renowned and highly successful provider of goods and services relating to cheer, dance and spirit, including organizing and sponsoring cheerleading and dance sporting events, camps and competitions.  Beginning at least as early as 1984, Varsity and its predecessors, assignors and licensees consistently and continuously have offered instructional services in the nature of exercise routines based on cheerleading movements ("Varsity's CHEEROBICS Services") under the mark CHEEROBICS.

8.      As a result of long and continuous use of the CHEEROBICS mark, and Varsity's substantial investment of time, money and effort in advertising and promoting the mark, the CHEEROBICS mark has developed substantial public recognition; and by virtue of Varsity's extensive use and promotion of the CHEEROBICS mark, the relevant trade and public have come to associate goods and services under CHEEROBICS as a trademark with Varsity.

9.      Plaintiff's CHEEROBICS mark is inherently distinctive and has substantial acquired distinctiveness through secondary meaning.

10.     Plaintiff is the owner of United States Trademark Registration No. 1341584 for its CHEEROBICS mark in Class 41 for "teaching exercise routine programs based on cheerleading movements," first registered on June 11, 1985.  This federal registration is valid, incontestible, subsisting and in full force and effect.

## DEFENDANTS' INFRINGING ACTIVITIES

11.     Upon information and belief, beginning decades after Varsity first began using its CHEEROBICS mark in connection with Varsity's CHEEROBICS Services, Defendants have been offering and providing nearly identical instructional services in the nature of teaching exercise routine programs based on cheerleading movements, live and via on-line video ("Defendants' Services"), under the identical mark CHEEROBICS (the "Infringing Mark") in

United States commerce, including in this District.

12.     Upon information and belief, at or about the same time, Defendants also began offering and selling DVDs and various merchandise, including without limitation t-shirts and other apparel, all relating to Defendants' Services under the Infringing Mark in United States commerce, including in this District (with Defendants' Services, "Defendants' Goods and Services").

13.     Upon information and belief, Defendants receive, process, coordinate and ship orders for Defendants' Goods and Services under the Infringing Mark in and from a physical location in Austin, Texas.

14.     According to Defendants' website, www.cheerobics.net/terms, infringing DVD and book products purchased from Defendants ship to purchasers from 3801 N. Capital of Texas Hwy E-240, Austin, Texas 78746.

15.     Additionally, pursuant to Defendants' cancellation and/or refund policy, all items, including items containing the Infringing Mark, must be returned to: 3801 N. Capital of Texas Hwy E-240, Austin, Texas 78746.

16.     Upon information and belief, Defendants, directly and/or through their affiliates, partners, and licensees, promote, offer and provide Defendants' Goods and Services under the Infringing Mark in Austin, Texas.

17.     Upon information and belief, Defendants have promoted and marketed Defendants' Services under the Infringing Mark *inter alia* via (a) personal and written presentations to dance studios and instructors in the United States, including in Austin and other cities in Texas, (b) other promotional appearances and events in the United States, (c) Defendants' websites located at www.cheerobics.net and www.jessicazoo.com, (d) Defendants'

**PLAINTIFF'S ORIGINAL COMPLAINT – PAGE 4**

Facebook account (accessible at https://www.facebook.com/Cheerobics.fitness/), (e) Defendants'

Twitter account (accessible at https://twitter.com/Cheerobics), and (f) YouTube and other digital

and social media, including as shown below:





## Products & Service Gallery







**Body Before Skill**
Body Before Skill: Sports Performance for Cheerleading. The first book on sports performance for cheerleading.

**Cheerobics®**
Cheerleading fitness workout with pompoms for cheerleading enthusiasts of all ages and levels, available as DVD workouts or through certified classes.

**INTENSITY DVDs**
Functional conditioning for cheerleading athletes, available on DVD boxset, online workouts, coach certifications, classes and clinics.





18.     Defendants' website at www.cheerobics.net states:

Cheerobics® was born when Jessica Zoo created its first fitness programme in 2011, aimed at bringing cheerleading to all ages and levels with a cheerleading dance workout for anyone that wants to be fit, be a cheerleader, and shake some pom poms.  It brings together the high-impact and sculpting moves of aerobics, designed for adults to keep up with their fitness whilst taking part in an exhilarating activity.

Since then, Cheerobics® has developed a number of classes and products aimed to initiate beginners into cheerleading (both adults and children), deliver fitness conditioning for competitive cheerleaders, as well as providing cheerleading choreography on demand, and cheerleading courses for teachers via an online store.

Cheerobics® is fully dedicated to the development and welfare of cheerleaders worldwide.

19.     Defendants' website at www.cheerobics.net also touts that Jessica Zoo "is the

Chief Cheerleader and creator of the Cheerobics® brand, [and] presenter and producer of all our DVD workouts . . . ."

20.     Defendants' website at www.jessicazoo.com states that "Cheerobics® [is a] Cheerleading fitness workout with pompoms for cheerleading enthusiasts of all ages and levels, available as DVD workouts or through certified classes."

21.     Defendants' website at www.cheerobics.net and Facebook page both state: "Cheerobics® is your number one destination if you love cheerleading and you want to reach your goals through fitness."

22.     Defendants' Goods and Services under the Infringing Mark are identical, nearly identical, highly similar and/or closely related to Varsity's CHEEROBICS Services offered under Varsity's CHEEROBICS mark.

23.     Upon information and belief, Defendants' Goods and Services under the Infringing Mark are the type of goods and services that consumers would expect to originate from, be licensed or sponsored by, or be affiliated with Varsity and its CHEEROBICS mark.

24.     Upon information and belief, Defendants' Goods and Services under the Infringing Mark and Varsity's CHEEROBICS Goods under its CHEEROBICS mark are targeted to the same or similar type of consumers.

25.     Upon information and belief, Defendants' Goods and Services under the Infringing Mark and Varsity's CHEEROBICS Goods under its CHEEROBICS mark utilize the same or similar marketing and distribution channels.

26.     Defendants' Infringing Mark is identical, nearly identical and/or highly similar to Varsity's CHEEROBICS mark.

27.     Defendants' Infringing Mark as applied to Defendants' Goods and Services so

resembles Varsity's CHEEROBICS mark applied to Varsity's CHEEROBICS Services such that Defendants' Infringing Mark is likely to cause confusion, mistake and/or deception, or to cause people to assume that Defendants' Goods and Services originate from, are sponsored by, or produced under license from or are otherwise affiliated with Varsity.

28.     Varsity has not provided Defendants with authorization or permission to use the Infringing Mark in connection with Defendants' Goods and Services, or in any manner.

29.     Upon information and belief, Defendants were aware, or should have been aware, of Varsity's CHEEROBICS mark prior to Defendants' first use of the Infringing Mark in the United States.   A simple search of the public trademark registration records of the United States Patent and Trademark Office at the time Defendants' prior to the time Defendants first used the Infringing Mark in United States commerce, or in any jurisdiction, would have revealed the existence of Plaintiff's incontestable trademark rights in the CHEEROBICS mark.

30.     Upon information and belief, Defendants' unlawful actions herein were willful or conducted with reckless disregard for Varsity's prior rights in the CHEEROBICS mark.

31.     Despite several demands by Varsity, Defendants have refused to cease and desist from their unlawful and infringing activities.

32.     Upon information and belief, Jessica Zoo, personally and through one or more of the corporate Defendants, directed, participated in and controlled Defendants' unlawful and infringing activities alleged herein.

33.     Upon information and belief, each and every one of the acts and omissions alleged herein was performed by, and/or attributable to, all Defendants, each acting as agents, and/or under the direction and control of each of the other Defendants, and that said acts and failures to act were within the course and scope of said agency and/or direction and control.

**PLAINTIFF'S ORIGINAL COMPLAINT – PAGE 9**

34.     Defendants' unlawful activities have resulted and will continue to result in irreparable harm and injury to Varsity.  Among other harms, these acts deprive Varsity of its absolute right to determine the manner in which its image is presented to the general public; deceive the public as to the origin and sponsorship of Defendants' Goods and Services and wrongfully trade upon Varsity's reputation and exclusive rights in its CHEEROBICS mark.

35.     Plaintiff has no adequate remedy at law.

### COUNT I – TRADEMARK INFRINGEMENT (LANHAM ACT)

36.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 35 above as if fully set forth herein.

37.     Defendants' activities as described above constitute infringement of Plaintiff's federally registered CHEEROBICS mark in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

38.     Upon information and belief, Defendants' unlawful actions herein were willful or conducted with reckless disregard for Varsity's prior rights in its CHEEROBICS mark

39.     Defendants' acts of infringement have caused Plaintiff to sustain monetary damage, loss and injury, in an amount to be determined at trial.

40.     Defendants' actions have caused and, if not enjoined, will continue to cause serious and irreparable injury and damage to Varsity and to the goodwill associated with the CHEEROBICS mark.

41.     Plaintiff has no adequate remedy at law.

### COUNT II – FALSE DESIGNATION OF ORIGIN (LANHAM ACT)

42.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 41 above as if fully set forth herein.

43.     Defendants' actions constitute false designation of origin in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

44.     Upon information and belief, Defendants' unlawful actions herein were willful or conducted with reckless disregard for Varsity's prior rights in its CHEEROBICS mark

45.     Defendants' acts of infringement have caused Plaintiff to sustain monetary damage, loss and injury, in an amount to be determined at trial.

46.     Defendants' actions have caused and, if not enjoined, will continue to cause serious and irreparable injury and damage to Varsity and to the goodwill associated with the CHEEROBICS mark.

47.     Plaintiff has no adequate remedy at law.

## COUNT III – COMMON LAW UNFAIR COMPETITION

48.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 47 above as if fully set forth herein.

49.     Defendants' actions constitute unfair competition in violation of the common law of the State of Texas.  With full knowledge of Plaintiff's property rights in the CHEEROBICS mark and of Varsity's reputation, and without Varsity's consent or knowledge, Defendants have used the Infringing Mark to advertise, promote, market, and sell goods in the State of Texas.

50.     Upon information and belief, Defendants' unlawful actions herein were willful or conducted with reckless disregard for Varsity's prior rights in its CHEEROBICS mark.

51.     Upon information and belief, Defendants were or should have been, at all times, fully aware of Plaintiff's trademark rights.  Plaintiff provided Defendants with actual notice of its intellectual property rights and their infringement of the CHEEROBICS trademark.  Defendants' continued use of the CHEEROBICS trademark is wanton and willful.

52.     Defendants' acts of infringement have caused Plaintiff to sustain monetary damage, loss and injury, in an amount to be determined at trial.

53.     Defendants' actions have caused and, if not enjoined, will continue to cause serious and irreparable injury and damage to Varsity and to the goodwill associated with the CHEEROBICS mark.

54.     Plaintiff has no adequate remedy at law.

## COUNT IV – COMMON LAW TRADEMARK INFRINGMENT

55.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 54 above as if fully set forth herein.

56.     Defendants' actions constitute trademark infringement in violation of the common law of the State of Texas.  Upon information and belief, Defendants used and continue to use the Infringing Mark in bad faith with actual knowledge of (1) the reputation and goodwill in Plaintiff's mark and (2) Plaintiff's ownership of the mark.  Such use violates Plaintiff's ability to control the quality of its products and services.

57.     Upon information and belief, Defendants' unlawful actions herein were willful or conducted with reckless disregard for Varsity's prior rights in its CHEEROBICS mark

58.     Defendants' acts of infringement have caused Plaintiff to sustain monetary damage, loss and injury, in an amount to be determined at trial.

59.     Defendants' actions have caused and, if not enjoined, will continue to cause serious and irreparable injury and damage to Varsity and to the goodwill associated with the CHEEROBICS mark.

60.     Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court:

A.      Preliminarily and permanently enjoin Defendants, their officers, agents, employees, and related companies, and all persons acting for, with, by, through, or under them, from:

(i)      Using the designation "CHEEROBICS" or any other mark, term, name or title confusingly similar to Plaintiff's CHEEROBICS mark; and

(ii)     Committing any other act calculated or likely to cause the public to believe that Defendants are in any manner connected, affiliated or associated with Plaintiff or its CHEEROBICS mark or from otherwise competing unfairly with Plaintiff;

B.      Order Defendants, pursuant to 15 U.S.C. § 1118, to deliver to Plaintiff for destruction all material (including, without limitation, all inventory, advertisements, promotional materials, brochures, signs, displays, stationary, business cards and/or invoices) within their possession, custody or control, either directly or indirectly, that bear the designation "CHEEROBICS" or any other mark, term or title confusingly similar to Plaintiff's CHEEROBICS mark;

C.      Direct Defendants, pursuant to 15 U.S.C. § 1116(a), to file with the Court and serve upon Plaintiff, within thirty (30) days after entry of final judgment, a report in writing and under oath setting forth in detail the manner and form by which they have complied with the provisions set forth above;

D.      Direct Defendants, pursuant to 15 U.S.C. § 1117(a), to account to Plaintiff for all gains, profits and advantages derived from Defendants' wrongful acts;

E.      Award to Plaintiff, pursuant to 15 U.S.C. § 1117(a), the greater of three times the

amount of Defendants' profits or any damages sustained by Plaintiff, together with interest on

such amount and the costs of this action;

      F.     Award to Plaintiff, pursuant to 15 U.S.C. § 1117(a) and state law, its attorneys'

fees and the costs of this civil action; and

      G.     Award to Plaintiff such other and further relief as the Court deems just and

proper.

Dated: June 15, 2017               Respectfully submitted,

                                                     */s/ Steven G. Schortgen*
                                                     Steven G. Schortgen
                                                     Texas Bar No. 00794603
                                                     Jennifer Klein Ayers
                                                     Texas Bar No. 24069322
                                                     **K&L GATES LLP**
                                                     1717 Main Street, Suite 2800
                                                     Dallas, Texas 75201
                                                     Telephone: (214) 939-5500
                                                     Facsimile: (214) 939-5849
                                                     steve.schortgen@klgates.com
                                                     jennifer.ayers@klgates.com

                                                     Eric J. Shimanoff (*Pro Hac Vice* Forthcoming)
                                                     N.Y. Bar No. 4153748
                                                     **COWAN LIEBOWITZ & LATMAN, P.C.**
                                                     114 West 47th Street
                                                     New York, New York 10036
                                                     Telephone: (212) 790-9200
                                                     Facsimile: (212) 575-0671
                                                     ejs@cll.com

                                                     *Attorneys for Plaintiff*